**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, LOCAL 1281, AFL–CIO, Respondent.**

**No. 20761.**

United States Court of Appeals
Ninth Circuit.

Nov. 23, 1966.

---

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Gregory I. Hellrung, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

Victor J. Van Bourg, Stewart Weinberg, of Levy, DeRoy, Geffner & Van Bourg, San Francisco, Cal., for respondent.

Before CHAMBERS, POPE and MERRILL, Circuit Judges.

PER CURIAM:

The National Labor Relations Board has entered an order requiring respondent union to cease and desist from causing or attempting to cause Rayber-Kief, Inc., to deny employment to, or in any other manner discriminate against, Ivan DiBoff, in violation of section 8(a)(3) of the National Labor Relations Act; or from denying a referral to, or in any other way discriminating against DiBoff for engaging in activities as a union member or from in any like or related manner restraining or coercing the company's employees in the exercise of their statutory rights. Affirmatively the union was required to notify the company that it had no objection to the continued employment of DiBoff and to make DiBoff whole for loss of wages and to post appropriate notices. 152 N.L.R.B. No. 48.

The Board now petitions for enforcement, and respondent challenges the factual determinations of the Board upon two issues: (1) whether Powell, in operating the union hiring hall, discriminated against DiBoff; (2) if so, whether such discrimination was improperly motivated or was the result of innocent mistake. Upon neither issue were the Board's findings clearly erroneous.

There is ample support for the Board's finding that Powell referred other list 2 carpenters to Rayber-Kief in disregard of its agreed quota while denying such reference to DiBoff. There is no basis for an assumption that the referred carpenters were requested by name, and in any case an inference of a continuing request for DiBoff was available under the facts. The Board was not in error in holding that such conduct amounted to discrimination.

The union asserts that in finding that the discrimination was motivated by animus, the Board has disregarded credibility determinations of the hearing examiner. We disagree. The hearing examiner did not reach this question, having concluded that there was no discrimination.

The Board's order is entitled to enforcement.